UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

JOSEPH SLACK and SARA SLACK,
    Plaintiffs,

v.                                        Case No. 4:23-cv-00113-TWP-KMB

ANTHEM LIFE INSURANCE COMPANY
and RHONDA R. CAREY,
    Defendants.

**ANSWER TO VERIFIED COMPLAINT, COUNTERCLAIM AND CROSSCLAIM**

Comes now the Defendant, Rhonda R. Carey ("Carey"), by counsel, and for her Answer to Plaintiff's Verified Complaint, Counterclaim and Crossclaim states as follows:

FIRST DEFENSE

1. Defendant admits the allegations contained in paragraph one (1) of the Verified Complaint.

2. Defendant admits the allegations contained in paragraph two (2) of the Verified Complaint.

3. Defendant admits the allegations contained in paragraph three (3) of the Verified Complaint.

4. Defendant admits the allegations contained in paragraph four (4) of the Verified Complaint.

5. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph five (5) of the Verified Complaint.

6. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph six (6) of the Verified Complaint.

7. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph seven (7) of the Verified Complaint.

8. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph eight (8) of the Verified Complaint.

9. Defendant admits the allegations contained in paragraph nine (9) of the Verified Complaint.

10. Defendant admits the allegations contained in paragraph ten (10) of the Verified Complaint.

11. Defendant admits the allegations contained in paragraph eleven (11) of the Verified Complaint.

12. Defendant admits the allegations contained in paragraph twelve (12) of the Verified Complaint.

13. Defendant admits the allegations contained in paragraph thirteen (13) of the Verified Complaint.

14. Defendant admits the allegations contained in paragraph fourteen (14) of the Verified Complaint.

15. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph fifteen (15) of the Verified Complaint.

16. Defendant denies the allegations contained in paragraph sixteen (16) of the Verified Complaint.

17. Defendant denies the allegations contained in paragraph seventeen (17) of the Verified Complaint.

18. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph eighteen (18) of the Verified Complaint.

19. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph nineteen (19) of the Verified Complaint.

20. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph twenty (20) of the Verified Complaint.

21. Defendant denies the allegations contained in paragraph twenty-one (21) of the Verified Complaint.

22. Defendant denies the allegations contained in paragraph twenty-two (22) of the Verified Complaint.

23. Defendant denies the allegations contained in paragraph twenty-three (23) of the Verified Complaint.

24. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph twenty-four (24) of the Verified Complaint.

25. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph twenty-five (25) of the Verified Complaint.

26. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph twenty-six (26) of the Verified Complaint.

27. Defendant denies the allegation contained in paragraph twenty-seven (27) of the Plaintiffs' Verified Complaint.

28. Defendant denies the allegation contained in paragraph twenty-eight (28) of the Plaintiffs' Verified Complaint.

29. Defendant denies the allegation contained in paragraph twenty-nine (29) of the Plaintiffs' Verified Complaint.

30. Defendant denies the allegation contained in paragraph thirty (30) of the Plaintiffs' Verified Complaint.

31. Defendant denies the allegation contained in paragraph thirty-one (31) of the Plaintiffs' Verified Complaint.

32. Defendant denies the allegation contained in paragraph thirty-two (32) of the Plaintiffs' Verified Complaint.

33. Defendant denies the allegation contained in paragraph thirty-three (33) of the Plaintiffs' Verified Complaint.

34. Defendant denies the allegation contained in paragraph thirty-four (34) of the Plaintiffs' Verified Complaint.

35. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph thirty-five (35) of the Verified Complaint.

36. Defendant denies the allegations contained in paragraphs thirty-six (36) through forty-one (41) of the Verified Complaint.

37. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph forty-two (42) of the Verified Complaint.

38. Defendants denies the allegations contained in paragraphs forty-three (43) through forty-nine (49) of the Verified Complaint.

39. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph fifty (50) of the Verified Complaint.

40. Defendants denies the allegations contained in paragraphs fifty-one (51) through fifty-four (54) of the Verified Complaint.

41. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph fifty-five (55) of the Verified Complaint.

42. Defendant denies the allegations contained in paragraphs fifty-six (56) through fifty-eight (58) of the Verified Complaint.

WHEREFORE, the Defendant respectfully requests that the Plaintiffs take nothing by way of their complaint, and that the Defendant recover her attorney's fees, costs, expenses, interest, and any other appropriate relief.

## SECOND DEFENSE

The Plaintiffs' claims are frivolous and without merit, entitling the Defendant to attorney's fees, treble damages, and other damages under Indiana Law.

WHEREFORE, the Defendant respectfully requests that the Plaintiffs take nothing by way of their complaint, and that the Defendant recover her attorney's fees, costs, expenses, interest, and any other appropriate relief.

## THIRD DEFENSE

The Plaintiffs have failed to state a claim upon which relief may be granted, entitling the Defendant to a dismissal.

WHEREFORE, the Defendant respectfully requests that the Plaintiffs take nothing by way of their complaint, and that the Defendant recover her attorney's fees, costs, expenses, interest,

and any other appropriate relief.

## FOURTH DEFENSE

The Defendant is entitled to Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendant respectfully requests that the Plaintiffs take nothing by way of their complaint, and that the Defendant recover her attorney's fees, costs, expenses, interest, and any other appropriate relief.

## FIFTH DEFENSE

The Plaintiffs lack standing to pursue the case at issue because they are not named on the insurance policies at issue.

WHEREFORE, the Defendant respectfully requests that the Plaintiffs take nothing by way of their complaint, and that the Defendant recover her attorney's fees, costs, expenses, interest, and any other appropriate relief.

> */s/ Gregory M. Reger*
> Gregory M. Reger
> Indiana Atty. No. 18128-49
> Counsel for Defendant
> LORCH NAVILLE WARD LLC
> 506 State Street – P.O. Box 1343
> New Albany, IN 47151-1343
> Telephone:  812.949.1000
> Email: greger@lnwlegal.com

## DEMAND FOR JURY TRIAL

The Defendant, by counsel, hereby demands a trial by jury on all issues so triable.

> /s/ Gregory M. Reger
> Gregory M. Reger
> Indiana Atty. No. 18128-49
> Counsel for Defendant
> LORCH NAVILLE WARD LLC
> 506 State Street – P.O. Box 1343
> New Albany, IN 47151-1343
> Telephone:  812.949.1000
> Email: greger@lnwlegal.com

## **COUNTERCLAIM**

Rhonda R. Carey, for her Counterclaim against Joseph Slack and Sara Slack, states as follows:

### COUNT I:  FRAUDULENT IMPERSONATION

1. Joseph Slack and Sara Slack have made statements to third parties about Rhonda Carey, including the implication that she impersonated Deanna Slack.

2. The statements were false.

3. The false statements were harmful to Ms. Carey, causing damages to her.

4. Joseph Slack and Sara Slack had access to the phone number of Anthem Life Insurance Company.

5. Only named beneficiaries can obtain information regarding policy information.

6. Joseph Slack and Sara Slack were not named beneficiaries but obtained policy information fraudulently.

7. One possible way Joseph and Sara Slack found out that Rhonda Carey was a beneficiary to the policies is that they called Anthem Life Insurance Company and impersonated Rhonda Carey to obtain the information.

8. One possible way that Slack's life insurance beneficiaries were changed from her children to Carey was that Carey made the changes online as if she were Slack, using Slack's computer and passwords.

9. Intending to obtain data to which Jospeh and Sara were not entitled, Joseph and Sara Slack knowingly or intentionally made false or misleading statements to an agent of Anthem Life Insurance Company or created the false impression that Joseph or Sara were Rhonda Carey to Anthem Life Insurance Company.

10. If Joseph and Sara Slack changed Slack's beneficiaries by falsely impersonating Carey on the telephone, Joseph and Sara Slack committed fraud under Indiana Code 35-43-5-4.

11. Rhonda Carey was harmed and damaged by this fraud.

WHEREFORE, the Counterclaimant respectfully requests compensatory damages, punitive damages, attorney's fees, costs, interest, and all other appropriate relief.

## COUNT II: DEFAMATION

12. The Counterclaimant incorporates paragraphs 1-11 of Count I as though fully set forth herein.

13. The conduct on the part of the Counterclaim Defendant was defamatory causing damage to the Counterclaimant.

WHEREFORE, the Counterclaimant respectfully requests compensatory damages, punitive damages, attorney's fees, costs, interest, and all other appropriate relief.

## COUNT III: PUNITIVE DAMAGES

14. The Counterclaimant incorporates paragraphs 1-11 of Count I and paragraphs 12 and 13 of Count II as though fully set forth herein.

15. The Counterclaim Defendants conduct, as referenced above, was intentional and/or willful and/or malicious and/or reckless and/or grossly negligent and/or otherwise inconsistent with non-iniquitous human behavior, entitling the Counterclaimant to Punitive Damages.

WHEREFORE, the Counterclaimant respectfully requests compensatory damages, punitive damages, attorney's fees, costs, interest, and all other appropriate relief.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16. The Counterclaimants incorporate by reference paragraphs 1-11 of Count I, paragraphs 12 and 13 of Count II, and paragraphs 14 and 15 of Count III as though fully set forth herein.

17. The statements made by the Counterclaim Defendants were intentional and outrageous.

18. The statements caused the Counterclaimant emotional distress.

WHEREFORE, the Counterclaimant respectfully requests compensatory damages, punitive damages, attorney's fees, costs, interest, and all other appropriate relief.

/s/ Gregory M. Reger
Gregory M. Reger
Indiana Atty. No. 18128-49
Counsel for Defendant
LORCH NAVILLE WARD LLC
506 State Street – P.O. Box 1343
New Albany, IN 47151-1343
Telephone: 812.949.1000
Email: greger@lnwlegal.com

## RHONDA CAREY'S CROSSCLAIM AGAINST ANTHEM LIFE INSURANCE COMPANY

Rhonda Carey, for her Cross Claim against Anthem Life Insurance Company states as follows:

1. Deanna R. Slack died June 3, 2023.

2. At all relevant times, Deanna Slack held two life insurance policies with Anthem Life Insurance Company.

3. As a beneficiary under those policies, Rhonda R. Carey was entitled to life insurance proceeds from the Cross Claim Defendant as a result of Ms. Slack's death.

4. Ms. Carey has not received the proceeds referenced above, thereby causing her damages.

5. Anthem Life Insurance Company has breached its contract resulting in damages to Rhonda Carey.

WHEREFORE, the Cross Claimant respectfully requests the life insurance proceeds to which she is entitled, compensatory damages, attorney's fees, interest, costs, expenses and all other appropriate relief.

/s/ Gregory M. Reger
Gregory M. Reger
Indiana Atty. No. 18128-49
Counsel for Defendant
LORCH NAVILLE WARD LLC
506 State Street – P.O. Box 1343
New Albany, IN 47151-1343
Telephone: 812.949.1000
Email: greger@lnwlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of July, 2023, served a copy of the foregoing instrument on the following, by E-Service using the Indiana E-filing system, if the below individual is a Registered User of the Indiana E-Filing System or, if not a Registered User, then by U.S. mail, postage prepaid to the following:

Bruce A. Brightwell
STURM PALETTI & PETER, PLLC
713 E. Market Street, Suite 100
Louisville KY 40202

Kristopher N. Kazmierczak
Sally Franklin Zweig
STOLL KEENON OGDEN PLLC
334 N. Senate Avenue
Indianapolis IN 46204

/s/ Gregory M. Reger
Gregory M. Reger